

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 03 2012
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

ERIK D. EIKE 4215-0
707 Richards Street - Suite 201
Honolulu, Hawaii 96813
Tel: (808) 537-5950
Fax: (808) 537-5955
eike@eikelaw.com

Attorney For Plaintiff
U.S. COMPOSITE PIPE SOUTH, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. COMPOSITE PIPE SOUTH, LLC<br><br>Plaintiff,<br><br>vs.<br><br>FRANK COLUCCIO CONSTRUCTION COMPANY and SAFECO INSURANCE COMPANY OF AMERICA<br>Defendants. | Civil No. CV12 00538 JMS KSC<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff U.S. COMPOSITE PIPE SOUTH, LLC ("USCPS"), by and through its undersigned counsel, and for its Complaint against Defendants FRANK COLUCCIO CONSTRUCTION COMPANY ("FCCC"), and SAFECO INSURANCE COMPANY OF AMERICA ("Safeco"), alleges and avers as follows:

## THE PARTIES

1. Plaintiff USCPS is a Louisiana limited liability company, domiciled and having its principle place of business in Zachary, Louisiana, USA.

2. Upon information and belief, Defendant FCCC is a Washington corporation, domiciled and having its principle place of business in Seattle, Washington, USA.

3. Upon information and belief, Defendant Safeco is a Washington corporation, domiciled and having its principle place of business at 1191 2nd Avenue, Seattle, WA 98101, and is now owned, controlled, operated by or otherwise now known as Liberty Mutual Insurance Company.

## JURISDICTION AND VENUE

4. The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1332(a)(2). Specifically, Plaintiff is a limited liability company organized and operating in the State of Louisiana, a foreign state, and Defendants are companies organized and operated in the State of Washington, a foreign state. Diversity exists between Plaintiff and all Defendants, and the amount in controversy is more than $75,000.00, exclusive of interest and costs.

5. Venue is proper in the U. S. District Court for the District of Hawaii because all or a substantial portion of the conduct made the basis of this action

took place in Honolulu, Hawaii, and the contractual terms set forth the venue to be in Honolulu, Hawaii.

## STATEMENT OF FACTS

6. USCPS is in the business of providing specialized polymer pipe known as Meyer Pipe, Polycrete Jacking pipes, for civil construction, more specifically, micro-tunneling/jacking pipe-line projects.

7. The City and County of Honolulu specified the Meyer Polycrete Pipe for a micro-tunneling/jacking project identified as the Beachwalk WWPS to Ala Moana Park Sewer: Phase 1 – Force Main System Contract No.: CT-DDC-0900444 Job No. W-18-07, and referred to herein as the "Beachwalk" project.

8. As the low bidder on the Beachwalk project, FCCC became the contractor for the project and thus became responsible for purchasing, receiving, storing, handling and installing the Meyer Polycrete pipe on the Beachwalk project.

9. FCCC ordered the Meyer Polycrete pipe, as well as other items, from USCPS via FCCC Purchase Order No. 29007-00013 (the "Purchase Order"), dated November 23, 2011 for the purchase price of $3,596,636.98.

10. The FCCC Purchase Order specifically referenced and incorporated the USCPS vendor terms and conditions consisting of five pages and a schedule labeled Exhibit 1, and was accepted by USCPS.

11. The Purchase Order was later modified by change order to add additional items for the same project with the anticipated delivery date extended to commence by June 1, 2012.

12. Pursuant to the agreement of the parties, payment of 50% of the total value of the order was to be paid upon receiving the signed Purchase Order; 25% of the total value of the order was to be paid upon delivery of the pipe to the Honolulu job-site; and the remaining 25% was to be paid immediately after the pipe was installed and satisfactorily pressure tested.

13. USCPS was paid the first installment of 50% of the total value of the order and all of the pipe was produced, tested and shipped to the job-site in Honolulu, Hawaii, with deliveries commencing on May 29, 2012.

14. Upon arrival in Hawaii, the pipe was offloaded and simultaneously inspected by USCPS and FCCC personnel. The goods passed the inspections, no defects were identified and none reported by either inspector. FCCC accepted and took possession of the all goods.

15. After FCCC took possession of the goods, it has exercised dominion over the goods by transporting the goods to its controlled location for storage and has already installed approximately 900 feet of pipe on the Beachwalk Project.

16. USCPS has made demand for payment of the 2nd installment, which was due upon FCCC's acceptance of the pipe, but FCCC has refused to pay.

17. Pursuant to the Terms and Conditions of the agreement between the parties, 12% interest has begun to accrue on the indebted amount and shall continue until payment is received.

18. Pursuant to Hawaii Revised Statutes section 103D-324, and the contract between FCCC and the City and County of Honolulu, FCCC was required to provide performance and payment bonds ensuring its satisfactory completion of the work and its payments to all providers of labor, materials and services on the Project. FCCC provided the bonds on the project with the Bond Principal and Surety being Defendant Safeco. Safeco, as Surety, and FCCC, as Principal, issued Labor And Material Payment Bond No. 6647219 (the "Bond") for the above referenced project on or about June 23, 2009.

19. Pursuant to the Bond, Safeco is responsible for prompt payment of the amounts due to USCPS under the Purchase Order should FCCC fail to make payment or default on its responsibilities under the Project contract.

20. USCPS has provided both Safeco and FCCC with written demands for payment and notice of claim on the Bond, including all statutory notices required, and neither defendant has paid the amounts due to USCPS.

## BREACH OF CONTRACT

21. FCCC sent a purchase order to USCPS requesting goods totaling three million five hundred ninety six thousand six hundred thirty six dollars and ninety eight cents ($3,596,636.98).

22. Plaintiff filled the purchase order, shipped the requested goods to FCCC and billed FCCC for the amounts due, for the first and second installments.

23. FCCC paid the first installment under the contract, and USCPS manufactured, tested and shipped the order, and the products arrived in Honolulu, Hawaii.

24. Upon arrival, FCCC and Plaintiff each inspected the products.

25. FCCC accepted the goods upon delivery, took possession of the products, and has fully and completely exercised dominion over the products including storing and installing the product on the Beachwalk project.

26. Plaintiff made demand of FCCC to pay the 2nd installment under the Purchase Order.

27. More than nine hundred thousand dollars ($900,000.00) has accrued and remains unpaid for the 2nd installment under the Purchase Order.

28. FCCC has refused, and continues to refuse, to pay Plaintiff the amount of the second installment due and owing to Plaintiff.

29. After accepting delivery and taking control over the goods, FCCC failed to properly store and protect the pipe.

30. After accepting delivery and taking control over the goods, FCCC has failed to timely pursue and progress installation of the pipe as contemplated in the Purchase Order and its contract with the City & County of Honolulu, thereby wrongfully delaying the third and final installment payment under the Purchase Order.

31. FCCC has also stated it does not intend to make either the 2nd or 3rd installment payments under the Purchase Order, and has repudiated its obligations to make timely payment to USCPS under the Purchase Order for both the 2nd and 3rd installments. FCCC's failure to timely progress installation, and its announced intention not to make payment of either the 2nd or 3rd installment payments, constitutes breach by repudiation, entitling USCPS to sue for full and complete damages under the Purchase Order, and for immediate payment in full.

32. By issuing the performance bond on the project for FCCC through Bond No. 6647219, Safeco became the Surety for the Project and is liable for Defendant FCCC's default and failure to pay USCPS.

33. Safeco is joined herein as the Surety responsible for payment of the debt owed to USCPS.

34. With interest as of September 5, 2012, USCPS is owed the sum of $1,807,309.73, exclusive of attorneys fees, costs and expenses, from Defendants.

34. Plaintiff seeks payment of the contracted amounts with interest pursuant to the Purchase Order contract between the parties, as well as attorney's fees, costs and all other relief to which it is entitled.

WHEREFORE, Plaintiff pray that this Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for all amounts owed and unpaid under the Purchase Order, pre-judgment and post-judgment interest thereon, as well as attorney's fees, costs of court and all other and further relief, both special and general, in law and equity which the Court finds just and equitable.

DATED: Honolulu, Hawaii, October 2, 2012.

ERIK D. EIKE

Attorney For Plaintiff
U.S. COMPOSITE PIPE SOUTH, LLC