IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. COMPOSITE PIPE SOUTH, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>FRANK COLUCCIO CONSTRUCTION COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Defendants.<br>_____<br>FRANK COLUCCIO CONSTRUCTION COMPANY,<br><br>    Counterclaimant,<br><br>    vs.<br><br>U.S. COMPOSITE PIPE SOUTH, LLC,<br><br>    Counterclaim Defendant,<br><br>and<br><br>WESTCHESTER FIRE INSURANCE COMPANY, and CITY AND COUNTY OF HONOLULU,<br><br>    Additional Counterclaim<br>    Defendants.<br>_____ | CIVIL NO. 12-00538 JMS-KSC<br><br>ORDER GRANTING DEFENDANT/COUNTERCLAIM PLAINTIFF FRANK COLUCCIO CONSTRUCTION COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF SUBJECT MATTER JURISDICTION, DOC. NO. 90 |

# ORDER GRANTING DEFENDANT/COUNTERCLAIM PLAINTIFF FRANK COLUCCIO CONSTRUCTION COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF SUBJECT MATTER JURISDICTION, DOC. NO. 90

## I. INTRODUCTION

Currently before the court is one of several pending motions in this procedurally and factually-complicated action stemming from a $37 million sewer construction contract (the "Beachwalk Contract") between the City and County of Honolulu ("City") and Frank Coluccio Construction Company ("FCCC"). Defendant/Counterclaimant FCCC's Motion for Partial Summary Judgment, Doc. No. 90, seeks affirmatively to establish that the court has subject matter jurisdiction over its Amended Counterclaim against both Plaintiff/Counterclaim Defendant U.S. Composite Pipe South, LLC ("Composite Pipe") and Additional Counterclaim Defendant City. That is, FCCC's Motion seeks to strike the City's tenth defense (lack of subject matter jurisdiction) from the City's Answer to FCCC's Amended Counterclaim. Based on the following, the Motion is GRANTED.

## II. BACKGROUND

**A. The Beachwalk Contract, Composite Pipe's Complaint, and FCCC's Amended Counterclaim**

Aside from this Motion, four other Motions (and related joinders) concerning the substantive aspects of this case are currently pending hearing on

September 29, 2014.  *See* Doc. Nos. 87, 94, 106, 114, & 121.  Those Motions deal extensively with the merits of the dispute, and describe the complex facts at issue.  The present Motion, however, is restricted to a relatively narrow issue regarding subject matter jurisdiction, primarily as to FCCC's Amended Counterclaim against the City.  Accordingly, the court sets forth only the essential factual background necessary to place the issues regarding subject matter jurisdiction into context.

The June 23, 2009 Beachwalk Contract between the City and FCCC was for construction of a "Beachwalk Wastewater Pump Station to Ala Moana Park Sewer -- Force Main System."  Doc. No. 1, Compl. ¶ 7.  Among other things, the Beachwalk Contract involved sewage piping from Waikiki to a station near Ala Moana Park, and required installation of a specialized double-curved section of pipe to be placed under the Ala Wai Canal.

For this purpose, Composite Pipe provided a $3.5 million "Meyer Pipe" to FCCC pursuant to a November 13, 2011 purchase order between Composite Pipe and FCCC.  Composite Pipe was to be paid in installments:  Fifty percent upon signing of the purchase order, twenty five percent upon delivery to the job site, and twenty five percent after installation and pressure testing.  *Id.* ¶ 12.  Allegedly, FCCC paid the first installment to Composite Pipe, but has refused or wrongfully delayed payment of the second and third installments.  *Id.* ¶¶ 28, 30.

Composite Pipe filed this diversity action to recover over $1.8 million as payment of the contracted amounts with interest, as well as attorney's fees and costs. *Id.* ¶ 34.

As part of its defense, FCCC filed an Amended Counterclaim, essentially contending it need not make final payments because (1) the Meyer Pipe did not meet certain specifications and/or was defective; (2) FCCC is entitled to certain liquidated damages because the Meyer Pipe was delivered late; and (3) FCCC is entitled to a large offset because of a breach of contract and negligence by Composite Pipe and/or the City. *See* Doc. No. 42, First Am. Counterclaim. FCCC thus filed the Amended Counterclaim under Federal Rule of Civil Procedure 13 against Composite Pipe, and added the City as a Additional Counterclaim Defendant. FCCC contends that the Amended Counterclaim is compulsory as arising out of the same transaction or occurrence as Composite Pipe's Complaint. Doc. No. 90-1, Mot. at 5. FCCC later filed suit against the City in the First Circuit Court of the State of Hawaii, making nearly identical allegations.

There is much more to the story, the details of which are raised in the other pending Motions. In short, the Amended Counterclaim makes allegations about how and why the Meyer Pipe was chosen -- it was a replacement for an "Al

Watari Pipe" from a Kuwaiti firm that was described in bidding documents when FCCC originally bid on the Beachwalk Contract. The Amended Counterclaim alleges in detail the circumstances (*e.g.*, change orders, negotiations, and communications with the City's retained managing agent, etc.) which FCCC believes establish that the City was responsible for negotiating the November 2011 purchase order, and choosing, approving and/or later accepting the Meyer Pipe. It alleges that the Meyer Pipe was defective, leading to other construction difficulties because of the characteristics or condition of the Meyer Pipe. And it describes further problems that arose after the Meyer Pipe was installed, leading to questions as to who was responsible for those problems and whether FCCC is entitled to consequential or other damages as a result. *See generally* Doc. No. 42, First Am. Counterclaim at 7-21.

**B.     Contractual and Statutory Jurisdictional or Venue Provisions**

The Beachwalk Contract specifically incorporates "General Conditions," applicable to City contracts. *See, e.g.*, Doc. No. 109-3, Coluccio Dep. at 97. As to remedies for certain disputes, the General Conditions provide, in relevant part:

> All controversies between the Officer-in-Charge and the Contractor which arise under, or by virtue of, the contract and which are not resolved by mutual agreement between the Officer-in-Charge and the Contractor, shall be

> decided by the Contracting Officer in writing, within the time limitations below, after receipt of a written request from the Contractor for a final decision[.]

Doc. No. 109-4, City's Ex. C at 50, ¶ 8.6(a). They also include a section regarding "governing law," as follows:

> Governing law. The contract shall be construed under the laws of the State of Hawaii and Contractor consents to the exercise of personal jurisdiction over Contractor by the courts of the State of Hawaii.

*Id.* at 51, ¶ 8.6(e). The Conditions further provide:

> Decision. The Contracting Officer shall immediately furnish a copy of the decision to the Contractor, by certified mail, return receipt requested, or by any other method that provides evidence of receipt. Any such decision shall be final and conclusive, unless fraudulent, or unless the Contractor brings an action seeking judicial review of the decision in a circuit court of this State within the six months from the date of receipt of the decision.

*Id.* at 51, ¶ 8.6(g).

Additionally, the Conditions include the following clause, incorporating other laws and regulations:

> The Contractor shall be fully informed of all present and new laws, regulations, and ordinances which affect the contact and the performance thereof, including but not limited to:
>
> (1) Chapter 103, HRS, relating to expenditure of public money;

6

>    (*2*) *Chapter 103D, HRS, relating to Hawaii procurement code;*
>    (3)  Chapter 104, HRS, relating to wages and hours of employees on public works;
>    (4)  Chapter 378, HRS, relating to fair employment practices;
>    (5)  Chapter 386, HRS, relating to worker's compensation;
>    (6)  Chapter 396, HRS, relating to occupational safety and health; and
>    (7)  Chapter 444, HRS, relating to licensing of contractors.
>
>    The Contractor shall comply with all such present and new laws, regulations and ordinances, including the giving of all notices necessary and incident to the performance of the contract.

*Id.* at 31, ¶ 4.21 (emphasis added).  In turn, the Hawaii Procurement Code contains the following provisions regarding remedies and "contract controversies:"

>    Authority to resolve contract and breach of contract controversies.
>
>    (a) This section applies to controversies between a governmental body and a contractor which *arise under, or by virtue of, a contract between them,* including, without limitation, controversies based upon breach of contract, mistake, misrepresentation, or other cause for contract modification or rescission.

HRS § 103D-703 (emphasis added).  The Procurement Code describes an initial resolution procedure before a "chief procurement officer" before resorting to judicial action.

> The procedures and remedies provided for in this part, and the rules adopted by the policy board, shall be the exclusive means available for persons aggrieved in connection with the solicitation or award of a contract, a suspension or debarment proceeding, or in connection with a contract controversy, to resolve their claims or differences.

HRS § 103D-704. It then provides for a layer of administrative proceedings for review. *See* HRS § 103D-709.

And as for "judicial review" or "judicial action," the Procurement Code provides:

> (a) Only parties to proceedings under section 103D-709 who are aggrieved by a final decision of a hearings officer under that section may apply for judicial review of that decision. The proceedings for review *shall be instituted in the circuit court of the circuit where the case or controversy arises*.

HRS § 103D-710 (emphasis added).

> (b) A person aggrieved by a decision issued pursuant to section 103D-703 by a county chief procurement officer or a designee may initiate an action under, or by virtue of, the contract in controversy *in the circuit court*.
> (c) A governmental body aggrieved by a decision issued pursuant to section 103D-703 by a state or county chief procurement officer or a designee may initiate an action under, or by virtue of, the contract in controversy *in the circuit court*.

HRS § 103D-711 (emphases added).

Similarly, regarding circuit court decisions under § 103D-710, the

8

Procurement Code provides:

> Any party aggrieved by the decision of the circuit court may appeal in accordance with part I of chapter 641 [regarding appeals to Hawaii appellate courts] and the appeal shall be given priority.

HRS § 103D-710(f).

## C. Procedural Background

On May 30, 2014, FCCC filed its Motion for Partial Summary Judgment on the Issue of Subject Matter Jurisdiction. Doc. No. 90. The City filed its Opposition on July 8, 2014, Doc. No. 109, joined by Composite Pipe on July 9, 2014. Doc. No. 111. FCCC filed its Reply on July 15, 2014. Doc. No. 124. The court heard the Motion on July 28, 2014.

## III. DISCUSSION

FCCC's Motion for Partial Summary Judgment seeks to strike the City's tenth defense from the City's Answer to its counterclaim.[1] That defense provides: "The claims for relief of the First Amended Counterclaim are barred by lack of personal and/or subject matter jurisdiction." Doc. No. 59, City's Answer

---

[1] FCCC's Motion is proper under Federal Rule of Civil Procedure 56(a), even if it is moving to "strike" a defense. *See, e.g.*, *Cabasug v. Crane Co.*, --- F. Supp. 2d ----, 2013 WL 6824925, at *3 n.2 (D. Haw. Dec. 27, 2013) ("Plaintiffs' Motion is proper under Rule 56(a), which allows a party to move for summary judgment on a 'claim or defense.' This language was included in the 2010 amendments 'to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense.'") (citations omitted).

¶ 38. The Motion is thus directed only at federal subject matter jurisdiction. FCCC, having filed a compulsory counterclaim under Rule 13, seeks to confirm that the court has jurisdiction over the First Amended Counterclaim as to the City as well as to Composite Pipe. Doc. No. 90-1, Mot. at 9.

The parties do not dispute that jurisdiction over the entire action is otherwise proper under 28 U.S.C. § 1332 based on diversity of citizenship (whether or not the City is a proper party to this action) -- Plaintiff is a Louisiana limited liability company, with member residents in Texas and California, Doc. No. 10-1; Both Defendants (FCCC and Safeco Ins. Co.) are Washington corporations with its principal places of business in Seattle, Washington, Doc. No. 1, Compl. ¶¶ 2-4; and Additional Counterclaim Defendant Westchester Fire Ins. Co. is a New York corporation with principal place of business in Pennsylvania. Doc. No. 42, Am. Counterclaim ¶ 3. But the City asserts two bases for arguing that the court lacks subject matter jurisdiction: (1) provisions of the Hawaii Procurement Code, HRS § 103D et seq., and (2) the "forum selection clause" in the Beachwalk Contract. It contends that disputes alleged in the Amended Counterclaim are "contract controversies" that "arise under, or by virtue of" the Beachwalk Contract between FCCC and the City -- and thus must be brought in a state circuit court, both as a matter of statute and contract. Doc. No.

109, City's Opp'n at 1-2.

But federal caselaw holds that neither state statute nor contract can constitutionally be interpreted to deprive this court of subject matter jurisdiction in this case. *See, e.g.*, *Albert Trostel & Sons Co. v. Notz*, 679 F.3d 627, 629 (7th Cir. 2012) ("Treating the [Wisconsin] statute as a claim by a state to oust the jurisdiction of the federal courts would simply render it unconstitutional, for no state may contract jurisdiction created by an Act of Congress.") (citations omitted); *Superior Beverage Co. v. Schieffelin & Co.*, 448 F.3d 910, 917 (6th Cir. 2006) ("[A] state may not deprive a federal court of jurisdiction merely by declaring in a statute that it holds exclusive jurisdiction."); *Kamm v. Itex Corp.*, 568 F.3d 752, 754 (9th Cir. 2009) ("[A] forum selection clause does not deprive a federal court of subject matter jurisdiction.") (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)).

It follows that the City's defense of lack of subject matter jurisdiction is meritless. Even if the Amended Counterclaim "arises under, or by virtue of" the Beachwalk Contract, the state statutory scheme cannot dictate whether a federal court has diversity jurisdiction.[2] *Schieffelin & Co.*, 448 F.3d at 917. Nor does the

---

[2] The City raises *Office of Hawaiian Affairs v. Department of Education*, 951 F. Supp. 1484, 1491 (D. Haw. 1996), for the proposition that a state statute may limit jurisdiction to its own courts -- but the principle is based on Eleventh Amendment immunity whereby a state may
(continued...)

11

parties' choice of forum (assuming, without deciding, that the Amended Counterclaim is otherwise covered by the clause in the Beachwalk Contract) affect the court's subject matter jurisdiction. *Kamm*, 569 F.3d at 754. The court has subject matter jurisdiction based upon 28 U.S.C. ¶ 1332, and neither the statute, nor the contract, can deprive this court of such jurisdiction. The court thus GRANTS FCCC's Motion and strikes the City's tenth defense as it pertains to subject matter jurisdiction.[3]

The court also denies the City's alternate request for the court to

---

[2](...continued)
consent to be sued in state court but not in federal court. *See id.* ("[I]n HRS § 662 the state consents to be sued in tort actions [but] this provision . . . does not operate as a waiver [of Eleventh Amendment immunity] in this case to suit in federal court."). The State is not a Defendant here, and the principle does not apply to the City, a municipality. *See, e.g.*, *Pittman v. Or., Emp't Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State. Municipalities, in contrast, are not entitled to sovereign immunity in federal court.") (citations and quotation marks omitted).

[3] Whether the venue or *forum* is proper is a different question. *See, e.g.*, *Eldee-K Rental Props., LLC v. DIRECTV, Inc.*, 748 F.3d 943, 949 (9th Cir. 2014) ("Venue and subject matter jurisdiction are distinct concepts."); *United States v. Park Place Assocs.*, 563 F.3d 907, 929 n.14 (9th Cir. 2009) ("The forum-selection clause . . .is, at best, consent to personal jurisdiction and venue. The clause cannot confer subject matter jurisdiction on California courts, federal or state.") (citations omitted); *Kamm*, 568 F.3d at 754 ("[A] forum selection clause does not deprive a federal court of subject matter jurisdiction."); *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 28 (2d Cir. 1997) ("[P]arties have no power by private contract to oust a federal court of jurisdiction otherwise obtaining."). Although the parties have discussed issues related to forum or venue in their papers, the Motion is directed only to subject matter jurisdiction. Likewise, this Order addresses only subject matter jurisdiction.

decline supplemental jurisdiction under 28 U.S.C. § 1367(c).[4] *See, e.g.*, *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)"). Assuming for these purposes that the claim against the City falls under the court's supplemental jurisdiction,[5] the court nonetheless concludes, in its discretion, that judicial economy would clearly be best served by retaining jurisdiction (at least at this stage of the litigation), rather than splitting the action between state and federal court. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (upholding a decision retaining jurisdiction under § 1367(c), reasoning that "[j]udicial economy

---

[4] Section 1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under [§ 1367] subsection (a) if --
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

[5] "The traditional rule is that federal courts have supplemental jurisdiction over compulsory counterclaims, because a plaintiff would otherwise lose his opportunity to be heard on those claims." *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005) (citation omitted). And because "[t]he § 1367 test for supplemental jurisdiction is broader than the test for compulsory counterclaims . . . counterclaims that are compulsory under the 'same transaction or occurrence' test automatically pass the § [1367] 'same Article III case or controversy' test." *Id.* at 1067.

13

and convenience to the parties were better accommodated by retaining the state law claim at that juncture, and the district court did not abuse its discretion by so doing.") (citation omitted).

## IV. **CONCLUSION**

The court GRANTS Defendant/Counterclaimant Frank Collucio Construction Co.'s Motion for Partial Summary Judgment, Doc. No. 90. Accordingly, the court STRIKES the City's tenth defense in its Answer to the Amended Counterclaim regarding lack of federal subject matter jurisdiction.

IT IS SO ORDERED.

DATED: July 30, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*U.S. Composite Pipe South, LLC v. Frank Coluccio Constr. Co., et al.*, Civ. No. 12-00538 JMS-KSC, Order Granting Defendant/Counterclaim Plaintiff Frank Coluccio Construction Company's Motion for Partial Summary Judgment on the Issue of Subject Matter Jurisdiction, Doc. No. 90